PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE NORRIS, | ) | |
| | ) | CASE NO.  5:13CV0721 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NANCY S. REINBOLD, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 4, 5, and 6] |

*Pro se* Plaintiff Robert Lee Norris filed this action under 42 U.S.C. § 1983 against Stark County Clerk of Court Nancy S. Reinbold, Canton City Municipal Court Clerk Phil Giavasis, the former Stark County Deputy Clerk A. Gifford, Ohio Department of Rehabilitation and Correction (ODRC) Director Gary Mohr, Bureau of Sentence Computation Chief Melissa Adams, and Ohio Parole Board Chair Cynthia (Cindy) Mausser.  In the Complaint, Norris, an Ohio prisoner, alleges his confinement is predicated on an invalid *nunc pro tunc* entry and that his continued incarceration is in violation of his constitutional rights under the Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments.  He seeks monetary and injunctive relief.  For the reasons that follow, this action is dismissed.

## I.  Background

In September 1993, Norris was found guilty of one count of kidnapping and two counts of rape in *State v. Norris*, Stark Cty. Common Pleas Case No. 92-CR-2871A.  The trial court sentenced him to an indeterminate term of fifteen to twenty-five years imprisonment on each

(5:13CV0721)

count and imposed a fine of $10,000 on each count.  Thereafter, on January 4, 1994, the trial

court entered a *nunc pro tunc* judgment entry ordering the Stark County Sheriff to calculate

Norris's jail time credit.  *See* *State v. Norris*, No. 2000CA00235, 2001 WL 300642, at *1 (Ohio

App. 5th Dist. March 26, 2001).  The trial court's *nun pro tunc* order, however, only imposed a

sentence upon Norris as to the kidnapping charge, omitting the two rape charges.  *Id.*  Norris filed

a direct appeal of his conviction and sentence and, in February 1995, the state appellate court

affirmed his conviction and sentence.  *Id.* (citing *State v. Norris*, No. CA-9436, 1995 WL 160552

(Ohio App. 5th Dist. Feb. 21, 1995)).

While his direct appeal was pending, Norris filed in this Court a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  *Norris v. Schotten*, No. 5:94CV1221 (N.D. Ohio

filed June 15, 1994).  On March 10, 1995, the Court dismissed the petition without prejudice

because Norris had not yet completed the state court appeals process.

Upon exhaustion of his available state court remedies, Norris returned to this Court and

filed a second petition for writ of habeas corpus.  *Norris v. Schotten*, No. 5:95CV1545 (N.D.

Ohio filed July 17, 1995).  In his federal habeas petition, Norris argued the trial court had

dropped the rape counts from the indictment, sentencing him only on the kidnapping charge and,

therefore, he was entitled to release after the expiration of the sentence on that charge.  Several

months later, while his petition remained pending before this Court, the state trial court entered a

second *nunc pro tunc* judgment entry correcting its previous omission of Norris's rape

convictions from its first *nunc pro tunc* entry and imposing a $20,000 fine for each of the rape

(5:13CV0721)

counts, instead of the original $10,000 fine for each count to which he had been sentenced.[1]

Norris apparently amended his petition to include objections to the errors contained in the state

court's second *nunc pro tunc* entry.  The Court addressed the merits of Norris's claims and

denied the writ in April 1996.  *Norris v. Morgan*, No. 5:95CV1545 (N.D. Ohio April 30, 1996)

(Gallas, MJ.) (ECF No. 98).

  Norris filed an appeal with the Sixth Circuit, which affirmed this Court's denial of the

writ on May 26, 1998.  In its opinion, the court held:

> We understand [Norris's] frustration with the disorderly and confusing method by
> which he was sentenced in state court.  However, we agree with the district court
> that the August [1995] nunc pro tunc entry was most likely made in order to
> eradicate any suggestion by the December 1993 nunc pro tunc judgment entry that
> [Norris's] sentences for the two rapes had been dropped.  The reason for the
> December 1993 nunc pro tunc judgment entry is unclear; what is clear is that that
> entry as it now stands was made in error.  Ohio courts may amend a journal entry
> nunc pro tunc in order to correct any errors so that the final sentencing entry
> accurately reflects the penalty imposed at the sentencing hearing.  *See State v.
> Greulich*, 61 Ohio App. 3d 22, 572 N.E.2d 132, 134 (1988).  We emphasize that
> [Norris] cannot expect to benefit from such clerical errors, especially when there
> is no valid reason why [he] should think that two rape convictions would carry no
> sentence.

*Norris v. Schotten*, 146 F.3d 314, 333 (6th Cir.), *cert. denied*, 525 U.S. 935 (1998).  The court

also questioned the increase in the fine amounts but found a resort to habeas relief was premature

because the claim had not been properly presented to the state courts.

  In July 1998, the state trial court entered a third *nunc pro tunc* judgment; this time

correcting the fine amounts applicable to each charge and clarifying that Norris was to pay

---

[1]  The fine as to the kidnapping charge remained unchanged at $10,000.

(5:13CV0721)

$10,000 on each count of his conviction for an aggregate total fine of $30,000.  *Norris*, 2001 WL 300642, at *1.

Thereafter, on December 30, 1998, Norris filed another petition for writ of habeas corpus in this Court attacking his Ohio convictions, which the Court dismissed, in part because Norris had not been granted permission by the Sixth Circuit to file a successive habeas petition and, in part because Norris's claim regarding the increase in fines had not been properly presented to the state courts.  *Norris v. Konteh*, No. 4:98CV3018 (N.D. Ohio Sept. 14, 1999).  Norris appealed, and the Sixth Circuit denied a certificate of appealability.  *Norris v. Konteh*, No. 99-4162 (6th Cir. March 6, 2000).

On July 11, 2001, Norris filed another petition for writ of habeas corpus in this Court. *Norris v. Morgan*, No. 5:01CV1676 (N.D. Ohio).  Among the grounds raised, Norris argued the 1993 *nunc pro tunc* entry was constitutionally valid and had a *res judicata* effect barring the 1995 and 1998 *nunc pro tunc* entries in the same case.  The Court denied habeas relief in October 2002, finding the claim procedurally defaulted because Norris had filed a post-conviction petition in the Ohio court challenging the 1995 and 1998 *nunc pro tunc* entries but failed to appeal the denial of that petition.  The Court further found even if the claim were not defaulted, it lacked merit because, as noted by the Sixth Circuit in *Norris v. Schotten*, *supra*, the state trial court could amend a journal entry *nunc pro tunc* in order to correct any errors so that the final sentencing entry accurately reflected the penalty imposed at the sentencing hearing.  *Norris v. Morgan*, No. 5:01CV1676 (N.D. Ohio Oct. 28, 2002) (Polster, J.) (ECF No. 26 at PageID #: 260) ("Petitioner has failed to demonstrate that the 1998 nunc pro tunc order in any way altered the

(5:13CV0721)

original sentence he was given in 1993.  In fact, it sets forth precisely the sentence announced in

open court in 1993.").  Norris appealed from this decision, and the Sixth Circuit denied a

certificate of appealability.  *Norris v. Morgan*, No. 02-4390 (6th Cir. May 30, 2003).

Norris then filed a declaratory judgment action, seeking a declaration that he was entitled

to retain the sentence set forth in the 1994 *nunc pro tunc* entry, which excluded the two rape

convictions, based on purported findings of law by this Court that those counts had been

dropped.  *Norris v. United States of America*, No. 1:04CV0714 (N.D. Ohio filed April 16, 2004).

The Court dismissed the action for want of subject matter jurisdiction, noting the Declaratory

Judgment Act, 28 U.S.C. § 2201, did not create jurisdiction and finding Norris's exclusive

remedy to challenge his sentence was through a habeas petition.  *Norris v. United States of*

*America*, No. 1:04CV0714 (N.D. Ohio July 9, 2004) (Wells, J.) (ECF No. 8 at PageID #: 50)

(citing *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973)).  The Court also concluded habeas

relief was not available to Norris because  he had already been denied habeas relief on the merits

and, therefore, 28 U.S.C. § 2244(b)(1) required dismissal of his previously litigated claims for

relief.  Finally, the Court noted even if his claim were not barred, he would be required to seek

leave from the Sixth Circuit prior to filing a successive petition in this Court.  *Norris v. United*

*States of America*, No. 1:04CV0714 (N.D. Ohio July 9, 2004) (Wells, J.) (ECF No. 8 at PageID

#: 51).  In June 2005, the Sixth Circuit affirmed the district court's dismissal of the action.

*Norris v. United States of America*, No. 04-4031 (6th Cir. June 14, 2005).

Meanwhile, Norris continued to litigate his claims related to the *nunc pro tunc* entries in

the state courts, filing an action in the Court of Claims of Ohio, seeking an award of damages for

(5:13CV0721)

false and/or wrongful imprisonment.  *Norris v. Ohio Dep't of Rehab. & Corr.*, No. 2004-07824 (Ohio Ct. Claims filed August 2, 2004).  In that case, the court granted the defendants' motion for summary judgment, holding the alleged clerical errors in the state court's sentencing entries did not affect the validity of Plaintiff's conviction and sentence and, therefore, the Defendants were entitled to judgment as a matter of law.  *Norris v. Ohio Dep't of Rehab. & Corr.*, No. 2004-07824, 2005 WL 1820027, at *1 (Ohio Ct. Claims July 12, 2005) (citing *Norris v. Schotten*, 146 F.3d 314, 333 (6th Cir. 1998)).

Norris appealed, and the Tenth District Court of Appeals of Ohio affirmed, holding Norris's claims were barred by the doctrine of *res judicata*.  *Norris v. Ohio Dep't of Rehab. & Corr.*, No. 05AP-762, 2006 WL 891023, at *3 (Ohio 10th Dist. April 6, 2006).  Specifically, the court held as follows:

> A review of the record in this case reveals that [Norris] has made the same arguments relating to the original and nunc pro tunc entries in numerous courts in both the federal and state systems.  See *Norris v. Konteh* (Apr. 19, 1999), 11th Dist. No. 98-T-0030 (affirming the trial court's denial of a writ of habeas corpus based upon sentencing entries); *Norris v. Schotten*, *supra* (affirming the federal district court's denial of habeas corpus relief).  It has been repeatedly held that the nunc pro tunc entries filed in this matter were to correct prior defects in the entries and in no way affect [Norris's] fundamental rights.  See also, *State v. Norris* (Mar. 26, 2001), 5th App. No. 2000CA00235.
>
> * * *
>
> Thus, not only do we reach the same conclusion as the previous court[s] that have addressed this issue, that the alleged clerical errors in the trial court's sentencing entries, including those corrected by the 1998 nunc pro tunc entry, do not affect the validity of [Norris's] convictions and sentence, but the claims brought by [Norris] relating to this issue are clearly barred under the doctrine of res judicata.

*Id.* at *4.  *See also*, *State v. Norris*, No. 2006 CA 00384, 2007 WL 1470439 (Ohio 5th Dist. May 21, 2007) (affirming trial court's denial of several *pro se* post-judgment motions filed by Norris

(5:13CV0721)

as frivolous and finding Norris's legal challenges to the trial court's sentencing entries barred by *res judicata*).

On April 24, 2006, Norris returned to federal court, filing an "Emergency Request for Constitutional and Civil Rights' Relief to Correct a Manifest Miscarriage of Justice" in the United States District Court for the Southern District of Ohio, which transferred the action to this Court. *Norris v. Wilson*, No. 5:06CV1213 (N.D. Ohio filed May 16, 2006).  Norris's filing again attacked the state court's *nunc pro tunc* entries.  The Court construed Norris's request as a successive habeas petition and dismissed the action pursuant to 28 U.S.C. § 1915A.  *Norris v. Wilson*, No. 5:06CV1213 (N.D. Ohio July 26, 2006) (O'Malley, J.) (ECF No. 11).  In December 2006, the Sixth Circuit denied Norris's request for a certificate of appealability.  *Norris v. Wilson*, No. 06-4107 (6th Cir. Dec. 26, 2006).

On February 13, 2012, Norris filed a Motion for Leave to File a Motion for Relief from Judgment in this Court in Case No. 5:95CV1545, seeking relief from the Sixth Circuit's May 26, 1998 decision affirming the Court's denial of Norris's habeas petition.  The Court denied the motion on February 17, 2012, noting it lacked the power to grant relief from a Court of Appeals decision and that a district court lacked jurisdiction to entertain a successive habeas petition containing previously litigated claims in the absence of leave from the Sixth Circuit to file such a petition.  *Norris v. Schotten*, No. 5:95CV1545 (N.D. Ohio Feb. 17, 2012) (Nugent, J.) (ECF No. 128).  Norris appealed, and on November 13, 2012, the Sixth Circuit denied his application for a certificate of appealability, stating:

(5:13CV0721)

> Reasonable jurists could not disagree with the district court's denial of Norris's Rule 60(b) motion.  Norris does not identify any error in the district court's judgment that would warrant relief under this rule. Contrary to Norris's assertions, this court neither voided the state court's judgment nor directed the state court to resentence him.  *See Norris*, 146 F.3d at 333.  Accordingly, Norris is not entitled to the relief that he seeks.  To the extent that Norris seeks to reassert his attack on the validity of the state-court judgment against him, his claims are not properly raised in a Rule 60(b) motion and instead must pass through the gate-keeping requirements that apply to second or successive petitions for habeas corpus relief. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).

*Norris v. Schotten*, No. 12-3289 (6th Cir. Nov. 13, 2012), *cert. denied*, 133 S.Ct. 1607 (2013).

Undeterred, Norris then filed the present action for damages and injunctive relief pursuant to 42 U.S.C. § 1983.  The Complaint alleges the state court's 1998 *nunc pro tunc* entry is invalid and Defendants, therefore, have "no power or authority to [ 'enforce a legally non-existent criminal sanction' ]."  ECF No. 1 at PageID #: 11.  Norris claims he has been falsely imprisoned and deprived of his liberty without due process.  ECF No. 1 at PageID #: 12-13.  He also claims a violation of his rights under the Eighth Amendment's prohibition against cruel and unusual punishment because he has been subject to "constant (24/7) exposure to dangerous violent offenders" as a result of his "*unconstitutional*" confinement.  ECF No. 1 at PageID #: 24 (emphasis in original).  Furthermore, he claims prison officials have compelled him to carry out prison work assignments under threat of disciplinary sanctions in the absence of a valid conviction and sentence in violation of the Thirteenth Amendment's prohibition against involuntary servitude.  ECF No. 1 at PageID #: 23.

Additionally, he asserts state court personnel have discriminated against him on the basis of his poverty and his race in violation of the Equal Protection Clause of the Fourteenth

(5:13CV0721)

Amendment by prohibiting him from filing any further pleadings in the state courts unless he prepay all costs, fees, and deposits.  ECF No. 1 at PageID #: 42.

Finally, Norris seeks an order compelling the parole board to award him "approximately (10) ten years of 'good-time credit'" because the state was without authority to disavow that he had earned such credit on the basis of the invalid 1998 sentencing entry.  ECF No. 1 at PageID #: 44-45.

## II.  Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  *See Onapolis v. Lamanna*, 70 F. Supp.2d 809, 814 (N.D. Ohio 1999) (if a prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act ("PLRA"), district court should *sua sponte* dismiss the complaint); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb.1, 2000).  Plaintiff's Complaint (ECF No. 1) is subject to dismissal pursuant to this provision.

## III.  Failure to State a Claim

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P.

(5:13CV0721)

8(a)(2)).  The factual allegations in the pleading must be sufficient to raise the right to relief

above the speculative level on the assumption that all the allegations in the complaint are true.

*Twombly*, 550 U.S. at 555.  Plaintiff is not required to include detailed factual allegations, but

must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the

elements of a cause of action will not meet this pleading standard.  *Id.*  Plaintiff's Complaint

(ECF No. 1) fails to meet the requisite standard.  *Thompson v. City of Memphis*, 491 F. App'x

616, 620-21 (6th Cir. 2012).

## IV.  Law and Analysis

Plaintiff alleges Defendants violated his Fifth, Eighth, Thirteenth and Fourteenth

Amendment rights under § 1983.  He seeks damages and an order compelling the state to award

him "good time" credits.  To establish a prima facie case under § 1983, Plaintiff must assert that

a person acting under color of state law deprived him of rights, privileges, or immunities secured

by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)

(*overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)).

### A.  Defendants are Entitled to Absolute Immunity

Stark County Clerk of Court Nancy S. Rienbold, Canton Municipal Clerk Phil Giavasis,

and former Stark County Deputy Clerk A. Gifford are immune from damages in this action.

Plaintiff contends these Defendants engaged in unauthorized docketing activities, improperly

journalized court orders, and discriminatorily refused to accept his filings.  It is well-established

that judges are entitled to absolute judicial immunity from suits for money damages for all

(5:13CV0721)

actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity has been extended to non-judicial officers who perform "quasi-judicial" duties. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune. *Id.* A court clerk who performs tasks that are an integral part of the judicial process is entitled to absolute quasi-judicial immunity from suits for damages. *Gallagher v. Lane*, 75 F. App'x 440, 441 (6th Cir. 2003) (citing *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988)).

The Supreme Court has endorsed a "functional" approach in determining whether an official is entitled to absolute immunity. *Forrester v. White*, 484 U.S. 219, 224 (1988); *Burns v. Reed*, 500 U.S. 478, 486 (1991). Under this approach, a court looks to "the nature of the function performed, not the identity of the actor who performed it." *Forrester*, 484 U.S. at 229. Enforcing or executing a court order is intrinsically associated with a judicial proceeding. *Bush*, 38 F.3d at 847. "When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction." *Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (per curiam) (citing *Mullis v. United States Bankr. Ct. for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987)).

The only allegations against Defendants Reinbold, Giavasis, and Gifford, concern their role in docketing and enforcing the state court's orders. Plaintiff's allegations clearly pertain to

(5:13CV0721)

the performance of tasks within the jurisdiction of the county and municipal clerk's offices that were judicial in nature.  *Cf. Gamble v. Whitmer*, No. 3:12CV-P481-H, 2012 WL 4460460, at *2 (W.D. Ky. Sept. 25, 2012) (dismissing complaint alleging impropriety in the handling of plaintiff's case by clerk's office personnel); *McGee v. United States*, No. 1:10-cv-521, 2010 WL 3211037, at *2-3 (S.D. Ohio Aug. 12, 2010) (and cases cited therein)[2] (dismissing complaint alleging the clerk of court defendants, among things, "issued improper orders"); *see also Odom v. Martin*, No. 99-6208, 2000 WL 1176883, at *2 (6th Cir. Aug. 11, 2000) (in affirming dismissal of complaint as frivolous on the basis of lack of subject matter jurisdiction, the Sixth Circuit stated that the defendant Sixth Circuit Clerk of Court was "entitled to immunity because he simply followed [the judge's] instructions and carried out [the judge's] judicial functions by entering a court order in his capacity as court clerk").  Accordingly, Plaintiff is unable to prevail on any claim for damages against the Defendant Clerks for their quasi-judicial actions.

Likewise, ODRC Director Gary Mohr, Bureau of Sentence Computation Chief Melissa Adams, and Ohio Parole Board Chair Cynthia (Cindy) Mausser are also entitled to immunity

---

[2] *Bradley v. United States*, 84 F. App'x 492 (6th Cir. 2003) (law clerk and court clerk entitled to absolute judicial immunity for alleged delay in filing habeas petition); *Carlton v. Baird*, 72 F. App'x 367 (6th Cir. 2003) (per curiam) (state-court clerk's office employees entitled to absolute quasi-judicial immunity from § 1983 suit arising out of refusal to file complaint due to inmate's failure to pay a complete filing fee); *Fish v. Murphy*, 22 F. App'x 480, 482 (6th Cir. 2001) (clerk who misfiled document leading to dismissal of plaintiff's suit entitled to judicial immunity); *Mwonyonyi v. Gieszl*, No. 89-5495, 1990 WL 10713 (6th Cir. Feb. 9, 1990) (per curiam) (deputy clerk of court entitled to absolute quasi-judicial immunity from damages on claim he refused to file document submitted by plaintiff); *Rodman v. Dalton*, No. 89-3011, 1989 WL 113898 (6th Cir. Oct. 2, 1989) (per curiam) (state-court judge, clerk, and prosecutor entitled to quasi-judicial immunity from damages for allegedly failing to file plaintiff's proposed criminal complaint and affidavit).

(5:13CV0721)

from suit.  Plaintiff contends these Defendants have continued to unlawfully imprison him without authority and have denied him 'good time credits' pursuant to invalid state court orders. He seeks compensatory and punitive damages.  Under the Eleventh Amendment,[3] a state, its officials, and its employees may be sued in federal court only when the state has consented to suit.  *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).  This doctrine applies to lawsuits where a party challenges the acts of state officials or employees in their official capacities and seeks money damages.  *See Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994).  The Eleventh Amendment bars such suits because a judgment would be satisfied from the state's treasury and, therefore, the state is the real party in interest.  *Id.*  Section 1983 does not abrogate Eleventh Amendment immunity of state governments.  *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

All of the remaining Defendants in this case are identified as current Ohio officials.  ECF No. 1 at PageID #: 4.  Plaintiff's Complaint (ECF No. 1) does not indicate, however, whether he is seeking to hold these parties liable in their official or individual capacities.  Accordingly, it is appropriate to presume that these officials are being sued in their official capacities.  *See Hill v. Michigan*, 62 F. App'x 114, 115 (6th Cir. 2003) (citing *Moore v. City of Harriman*, 272 F.3d 769, 775 (6th Cir. 2001) (en banc)).  Because state officials are being sued for money damages in their official capacity, the Eleventh Amendment is squarely in play as a bar to suit in federal

---

[3] The Eleventh Amendment to the United States Constitution states:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. AMEND. XI.

(5:13CV0721)

court, at least to the extent Plaintiff is bringing claims for damages under § 1983. Accordingly, the state Defendants are also dismissed from this action.

### B. Plaintiff's Complaint (ECF No. 1) Otherwise Fails to State a Claim for Relief Under § 1983

Even if Defendants were not immune from suit under § 1983, Plaintiff's Complaint (ECF No. 1) otherwise fails to state a valid claim for relief. First and foremost, Plaintiff raises claims which, if found to have merit, would call into question the validity of his conviction and continued confinement. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether the plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998). The *Heck* rule was extended to include good-time credits. *Edwards*, 520 U.S. at 646. Then *Wilkinson v. Dotson*, 544 U.S. 74 (2005) clarified that § 1983 actions are barred, no matter the relief sought, "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 82 (emphasis in original).

Here, each of Norris's claims, including those related to the loss of good-time credits, is predicated on his mistaken belief that the state trial court's *nunc pro tunc* judgment entries have been declared invalid. Contrary to his assertions otherwise, however, as thoroughly outlined above, neither his conviction nor sentence has been declared invalid by either an Ohio state court

(5:13CV0721)

or a federal habeas corpus decision.  *See e.g.*, *Norris v. Schotten*, No. 12-3289 (6th Cir. Nov. 13, 2012).  Consequently, his claims must  be dismissed for this additional reason.

Furthermore, to the extent Plaintiff again challenges the validity of the underlying *nunc pro tunc* judgment entries and seeks an order compelling the Parole Board to grant him good-time credits, the federal courts have time and again held that his exclusive remedy, if any, is by a habeas corpus petition.  *Preiser*, 411 U.S. at 501; *Wolff v. McDonnell*, 418 U.S. 539 (1974).  In other words, a complaint seeking relief under § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Preiser*, 411 U.S. at 500; *see also Hadley v. Werner*, 753 F.2d 514, 515 (6th Cir. 1985).  Here, Plaintiff has previously filed a habeas corpus action in this court concerning his 1993 convictions and sentences, which was dismissed on the ground that the claims were procedurally defaulted and lacked merit in any event.  *See Norris v. Morgan*, No. 5:01CV1676 (N.D. Ohio Oct. 28, 2002) (Polster, J.) (ECF No. 26 at PageID #: 260).  Plaintiff may not file a second or successive habeas corpus petition under 28 U.S.C. § 2254 until the Sixth Circuit Court of Appeals issues an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  *See e.g.*, *Norris v. Schotten*, No. 12-3289 (6th Cir. Nov. 13, 2012).

Finally, the Court lacks jurisdiction to entertain Plaintiff's challenges to the state court's order that his future pleadings not be accepted without pre-payment of costs and fees.  United States District Courts do not have jurisdiction over challenges to State court decisions even if those challenges allege that the State court's action was unconstitutional.  *See Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S.

(5:13CV0721)

413, 415-16 (1923). Federal appellate review of State court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Feldman*, 460 U.S. at 482 n. 16. Under this principle, generally referred to as the *Rooker-Feldman* doctrine, a party losing his case in State court is barred from seeking what in substance would be appellate review of the State court judgment in a United States District Court based on the party's claim that the State judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see also Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992).

The United States Court of Appeals for the Sixth Circuit has applied two elements to a *Rooker-Feldman* analysis. First, in order for the *Rooker-Feldman* doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *See, e.g., Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* The *Rooker-Feldman* doctrine applies when the party losing his case in State court files suit in federal district court seeking redress for an injury allegedly caused by the State court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the *Rooker-Feldman* doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was

(5:13CV0721)

invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general

constitutional challenge to the State law applied in the state action.  *Id.*

Here, Plaintiff's Equal Protection claim directly attacks the State court's decision to

preclude his future filings without pre-payment of costs and fees.  All of the allegations in the

Complaint (ECF No. 1) express concern that the state trial court's order was discriminatory, and

are clearly predicated on Plaintiff's belief that the state court's action was unconstitutional.  Any

review of the constitutional claims asserted in this context would require the Court to review

specific issues addressed in the State court proceedings against Plaintiff.  This Court lacks

subject matter jurisdiction to conduct such a review or grant Plaintiff relief from the state court's

order.  *Feldman*, 460 U.S. at 482 n. 16.

Moreover, an Ohio appellate court has already determined that the state trial court's order

requiring pre-payment of fees and costs was proper.  *See State v. Norris*, No. 2006 CA 00384,

2007 WL 1470439, at *3 (Ohio 5th Dist. May 21, 2007).  A federal court must give a state court

judgment the same preclusive effect it would have in the courts of the rendering state.  28 U.S.C.

§ 1738; *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 744 (6th Cir. 2002).  This Court must apply the

law of the State in which the prior judgment was rendered to determine whether the prior

judgment should be given preclusive effect in this federal action.  *Migra v. Warren City Sch.*

*Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

In Ohio, the doctrine of *res judicata* includes two related concepts of claim preclusion

and issue preclusion, also known as collateral estoppel.  *State ex rel. Davis v. Pub. Emp. Ret. Bd.*,

120 Ohio St. 3d 386, 392 (2008).  Claim preclusion prevents subsequent actions, by the same

(5:13CV0721)

parties, based upon any claim arising out of a transaction that was the subject matter of a previous action. *Fort Frye Teachers Ass'n, OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St. 3d 392 (1998). It also applies where a claim was not raised but could have been litigated in the previous suit. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). Issue preclusion, on the other hand, serves to prevent re-litigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties. *Fort Frye*, 81 Ohio St. 3d at 395. Issue preclusion applies even if the causes of action differ. *Id.*

Here, the state appellate court has already determined that the state trial court's order requiring pre-payment of fees was a valid exercise of the state court's authority. Accordingly, issue preclusion bars re-litigation of the validity of that order. *See Fort Frye*, 81 Ohio St. 3d at 395.

## V.  Preliminary Injunction

Plaintiff also filed a "Motion for Emergency Injunction Relief" (ECF No. 4), which the Court liberally construes as a Motion for Preliminary Injunction. In his Motion, Plaintiff contends that ODRC Director Gary Mohr retaliated against him for filing this action. ECF No. 4 at PageID #: 182. However, he does not allege Mohr participated in any of the alleged unconstitutional conduct. Furthermore, none of the other defendants in this action are mentioned in the motion.

Plaintiff claims prison employees have denied him ADA seating in the mess hall, leading to a denial of food because he cannot carry everything on his tray while walking with his cane, forcing him to "abandon" his tray to make multiple trips, during which time other inmates take

(5:13CV0721)

his food.  ECF No. 4 at PageID #: 184.  None of the prison employees alleged to have denied his

grievances and/or request for ADA accommodations are named in the present action, nor does he

directly tie the prison officials' actions to Mohr, other than by an implication that the alleged

misconduct must be in retaliation for filing this § 1983 action because of Mohr's supervisory

role.

A preliminary injunction is an "extraordinary remedy involving the exercise of a very far-

reaching power, which is to be applied only in the limited circumstances which clearly demand

it."  Leary v. Daeschner, 228 F.3d 729, 739 (6th Cir. 2000) (internal quotations and alterations

omitted).  When ruling on a motion for preliminary injunction, a court must consider and balance

four standards:  (1) whether the movant has a strong likelihood of success on the merits; (2)

whether the movant would suffer irreparable injury without the injunction; (3) whether issuance

of the injunction would cause substantial harm to others; and (4) whether the public interest

would be served by issuance of the injunction.  Frisch's Restaurant, Inc. v. Shoney's Inc., 759

F.2d 1261, 1263 (6th Cir. 1985); Am. Family Life Ins. Co. v. Hagan, 266 F.Supp.2d 682, 687

(N.D. Ohio 2002).  "The party seeking the injunction must establish its case by clear and

convincing evidence."  Honeywell, Inc. v. Brewer-Garrett Co., No. 97-3673, 1998 WL 152951,

at *3 (6th Cir. March 23, 1998).  See also Deck v. City of Toledo, 29 F.Supp.2d 431, 433 (N.D.

Ohio 1998).

For the following reasons, Plaintiff's Motion for a Preliminary Injunction (ECF No. 4) is

denied.  The allegations in Plaintiffs' Motion are unrelated to the factual allegations and legal

claims set forth in the Complaint (ECF No. 1).  In addition, Plaintiff does not satisfy the

(5:13CV0721)

requirements for a preliminary injunction because he has not offered any facts to show a

relationship between the alleged retaliatory conduct and the defendants in this case; rather, his

retaliation claim is speculative and stated as purely a legal conclusion.  Furthermore, to the extent

Plaintiff seeks leave to amend his complaint to include the new allegations and parties identified

in the motion, the Court denies the request pursuant to Fed. R. Civ. P. 20 because his new claims

do not arise out of same transaction or occurrence as the instant matter.  *See Lawson v. Dotson,*

*No. 3:11CV-P384-H, 2012 WL 2120721, at \*9 (W.D. Ky. June 11, 2012)* (denying motion to

add claims against a new party because they concerned different institutions and different

policies and procedures and would require different witnesses).  In short, Plaintiff's Motion is

both factually and legally unrelated to the Complaint (ECF No. 1).

Although the Court appreciates the seriousness of Plaintiff's concerns, it is constrained to

deny Plaintiff's Motion for the reason that it involves alleged conduct unrelated to the instant

Complaint (ECF No. 1).  Plaintiff's Motion for Preliminary Injunction (ECF No. 4) is, therefore,

denied.

## VI.  Conclusion

For all of the foregoing reasons, this action must be and is hereby dismissed with

prejudice pursuant to 28 U.S.C. § 1915A.  The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies in
writing that it is not taken in good faith.

(5:13CV0721)

Plaintiff's "Motion for Emergency Injunction Relief," treated as a Motion for Preliminary Injunction (ECF No. 4), is denied.

Plaintiff's "Motion for Establishment of a Date Certain For 'Oral Hearing, on: *Plaintiff's [un-contested] and [un-opposed] Motion for Emergency Injunction Relief" (ECF No. 5) and Motion for Preliminary Discovery (ECF No. 6) are denied as moot.

IT IS SO ORDERED.

 December 4, 2013                    /s/ Benita Y. Pearson
Date                                Benita Y. Pearson
                                    United States District Judge